■ EMIGRANT MORTGAGE COMPANY, INC., Respondent, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant, et al., Defendants. [4 NYS3d 491]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 13, 2014, which denied defendant Commonwealth Land Title Insurance Company's motion for summary judgment dismissing the breach of contract claim, and granted plaintiff Emigrant Mortgage Company, Inc.'s cross motion for summary judgment on the issue of liability on the claim, unanimously affirmed, with costs. Order, same court and Justice, entered August 22, 2014, which, upon reargument, adhered to the March 13, 2014 determination, unanimously dismissed, without costs, as academic.

While the court did not misapprehend Emigrant's cause of action, it should not have granted Emigrant's cross motion for summary judgment on the issue of liability on the ground that Commonwealth failed to properly investigate the chain of title at the time it issued the title insurance policy (see Citibank v Chicago Tit. Ins. Co., 214 AD2d 212, 216-219 [1st Dept 1995], lv dismissed 87 NY2d 896 [1995]).

Contrary to the court's finding, there was no issue of fact as to whether Emigrant gave Commonwealth timely notice of the adverse interest possessed by the Estate of Dillard Matthews, Jr. against the property. The record establishes that Emigrant provided Commonwealth with such notice at the time Emigrant initiated the title claim process in October 2009 (see Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581-582 [1992]). Thus, the proper basis upon which Emigrant's cross motion should have been granted, and Commonwealth's motion denied, was that Emigrant refuted Commonwealth's late notice defense, and was entitled to indemnification and payment on its claim pursuant to the subject insurance policy. Concur—Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.